

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2001

# Brown v. Muhlenberg Twp

Precedential or Non-Precedential:

Docket 00-1846

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Brown v. Muhlenberg Twp" (2001). *2001 Decisions.* Paper 264.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/264

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed November 15, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-1846

KIM BROWN; DAVID BROWN, H/W,
        Appellants

v.

MUHLENBERG TOWNSHIP; BOARD OF SUPERVISORS OF
MUHLENBERG TOWNSHIP; MUHLENBERG TOWNSHIP
POLICE DEPARTMENT; ROBERT M. FLANAGAN,
individually and/or as Chief of Police of Muhlenberg
Township; ROBERT D. EBERLY, individually and/or as
Patrolman of Muhlenberg Township; HARLEY SMITH,
individually and/or as Chief of Police of
Muhlenberg Township

(E.D. of PA. Civ. No. 99-cv-01076)

SUR PETITION FOR REHEARING

Present: BECKER, Chief Judge,
SLOVITER, MANSMANN, SCIRICA, NYGAARD, ALITO,
ROTH, McKEE, BARRY, AMBRO, FUENTES, GARTH* and
STAPLETON*, Circuit Judges

_____

* As to panel rehearing only.

The petition for rehearing filed by appellee, Robert D. Eberly, in the above-entitled case having been submitted to the judges who participated in the decision of this Court and to all the other available circuit judges of the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular service not having voted for rehearing, the petition for rehearing by the panel and the Court en banc, is denied.

By the Court,

/s/ Anthony J. Sirica Circuit Judge

Dated: 15 November 2001

2

Brown v. Muhlenberg,

No. 00-1846

OPINION SUR DENIAL OF PETITION FOR REHEARING

Garth, Circuit Judge, Sur denial of Petition for Rehearing:

As a senior judge, I may only vote for panel rehearing but I have not done so here because I recognize that the panel majority is committed to its position. Unfortunately, the Court has not voted for rehearing in this case. I regret that the Court has not seen fit to amplify and clarify the qualified immunity standard particularly as it pertains to the second prong of that analysis, i.e., the"clearly established" prong.

My dissenting panel opinion assumed that a constitutional right had been violated, but I qualified that assumption in my dissent because of the peculiar nature of the factual context involved: does the Fourth Amendment right involving seizure apply to the shooting by a police officer of an unleashed, uncontrolled Rottweiler dog running at large? My much more serious concern was the failure of the panel to announce a standard for the second prong of the qualified immunity test -- i.e. , how does the bench and the bar know when even an undisputed and unchallenged violation of a constitutional right has been "clearly established?"

I have suggested in my panel dissent a standard which I had hoped the Court would adopt because it not only has the authority of the Second Circuit behind it, see Horne v. Coughin, 155 F.3d 26, 29 (2d Cir. 1998), but because it makes sound sense. We approached some aspects of the "clearly established" standard in Judge Roth's recent opinion, Doe v. Delie, 257 F.3d 309 (3d Cir. 2001). However, neither the "clearly established" standard nor the parameters of that standard were ever articulated as such. Accordingly, I am disappointed that having had an opportunity (and I believe an obligation) to do so, the entire Court has now failed to discharge its responsibility in this respect. It is primarily for that reason I wrote and filed my panel dissent and that I have written and filed the within

3

statement Sur denial of Officer Eberly's Petition for Rehearing.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

4